REGAN, Judge.
Plaintiffs, Alphonse Boutte and his sub-rogee collision insurer, Washington Fire & Marine Insurance Co., instituted this suit against the defendant, Henry F. Nienaber, endeavoring to recover the sum of $225.81, representing damages incurred by Boutte’s 1956 Chevrolet on the night of October 27, 1956, as the result of a collision in the intersection of East Avenue and Magazine Street in the City of New Orleans.
Defendant pleaded the exception of mis-joinder of parties plaintiff, which was overruled, and then answered, denying that he was guilty of any negligence in the premises and asserting that plaintiff’s negligence was the proximate cause of the accident; in the alternative he pleaded the contributory negligence of the plaintiff.
Defendant also reconvened endeavoring to recover the sum of $219.21, representing property damages incurred by his automobile as the result of the collision.
From a judgment dismissing the main and reconventional demands, both litigants have prosecuted this appeal.
The record reveals that the collision occurred in the intersection of East Avenue and the lakeside roadway of Magazine Street. The Boutte automobile was moving in Magazine Street in the general direction of Broadway, and the defendant was driving in East Avenue toward St. Charles Avenue. When the defendant had driven a short distance from the neutral ground area into the lakeside roadway of Magazine Street, the right rear portion of his car was struck by the left front of Boutte’s automobile.
In explaining the cause of the foregoing accident, Boutte testified that he was trav-elling at about 20 miles per hour in the direction of Broadway in the lane nearest *713 the neutral ground of Magazine Street. When he was about one-half block from the intersection, he observed the Nienaber automobile come to a stop on East Avenue before entering Magazine Street. However, when he was 10 to 12 feet removed from the intersection, he noticed that the Nienaber car was not going to stop in the neutral ground; he then turned his vehicle to the right side of Magazine Street in an effort to avoid the collision.
Arthur Bias, a passenger in plaintiff’s car, testified that he observed the Nienaber automobile stop or hesitate in the neutral ground area of the intersection; and when the Boutte car was 20 feet from Nienaber, he suddenly drove into Magazine Street; Boutte then applied his brakes and turned to the right in an attempt to avoid the accident.
The defendant in explaining his version of the accident testified that when he stopped at the intersection of East Avenue and Magazine Street he saw no traffic approaching from his right in Magazine Street. He crossed to the neutral ground area, looked again to his right and noticed Boutte’s car about 200 feet away; he thought he had sufficient time to traverse the lakeside roadway of Magazine Street; when he was partly across this street, he observed the Boutte car “bearing down on him”; to avoid being struck broadside, he simultaneously accelerated and swerved to the left, but the right rear portion of his vehicle was struck by the Boutte automobile.
Mrs. Nienaber corroborated her husband’s testimony with respect to stopping both at the intersection and in the neutral ground area; however, she did not see the Boutte automobile before the accident occurred, nor did she know the cause thereof.
We believe that the trial judge erred in reasoning from the foregoing facts that the concurring negligence of the operators of both vehicles caused the accident.
We are of the opinion .that the factual context of the record reveals that the dominant cause of the accident was the impetuous movement of defendant’s vehicle from a point of relative safety — that is, the neutral ground area of the intersection, into the path of Boutte’s vehicle which was being operated in the lakeside roadway of Magazine Street at a moment when it was too late from the standpoint of both time and distance for Boutte to do anything to circumvent the impending accident.
For the reasons assigned, the judgment appealed from insofar as it dismisses the main demand is reversed, and it is now ordered that there be judgment herein in favor of Alphonse Boutte in the amount of $100 and the Washington Fire & Marine Insurance Company in the sum of $125.81, and it is further ordered that the judgment dismissing the reconventional demand of the defendant, Henry F. Nienaber, against the plaintiff Alphonse Boutte is affirmed; defendant to pay all costs.
Reversed in part, affirmed in part.
McBRIDE, J., absent.